The judgment of the court (Eustis, C. J. being absent) was pronounced by
Slidell, J.
This is a claim of damages for the loss of a flatboat and its cargo, alleged to have been sunk by the steamer James Dick, in the Ohio river, in a collision attributable solely to the fault of the officers and crew of the steamer. There was a verdict and judgment for plaintiff, and the owners of the steamer have appealed.
This case, like all other suits of this sort which have come under our observation, presents a conflict of evidence. In such cases, as we said in Myers v. Perry, the verdict of a jury is entitled to great consideration, and should not be disturbed unless for manifest error.
We have carefully considered the evidence, and are of opinion that the verdict ought not to be disturbed. It must be conceded in the outset of such an investigation, that the probabilities on the score of fault are against a steamer which, while descending a river, with its means of locomotion at command, comes in contact with a craft lying moored atthe shore. Some unexpected accident or violence might in such a case, it is true, deprive the steamer’s crew of the power of controlling her direction. But was there any thing of this sort in the present case ? The steamer, it seems, had occasion to take in a passenger at a town near which the flatboat was moored; and it appears that there was, at the time, a strong but not violent, wind blowing towards the town; and there was also a current setting in that direction. These causes, if uuopposed by skilful use of the power which the steamer possessed, would necessarily carry her towards the shore, and bring her into collision with boats lying there. But this, on the other hand, might have been avoided by backing and a judicious management of the helm. It was not one of those cases of sudden and overpowering force against which reasonable prudence and exertion are unavailing; and we feel bound to conclude, that under all the circumstances, there was a want, on the steamer’s part, of due vigilance and skill.
There was an effort to show that the flatboat was moored at an improper place and in an improper manner. The evidence on this point is conflicting; but after carefully reviewing it, and giving a reasonable weight to the verdict of the jury, we are unable to say that the plaintiff can be considered as having contributed by his own fault to the disaster.
The judgment of the district court is therefore affirmed, with costs.